239 P.3d 283 (2010)
237 Or. App. 271
In the Matter of C.A.S., a Youth.
State of Oregon, Petitioner-Respondent,
v.
C.A.S., Appellant.
605672; Petition Number 08JV0440; A142189.
Court of Appeals of Oregon.
Argued and Submitted August 18, 2010.
Decided September 15, 2010.
Christa Obold-Eshleman argued the cause for appellant. With her on the brief was Juvenile Rights Project.
Michael R. Washington, Senior Assistant Attorney General, argued the cause for respondent. With him on the brief were John R. Kroger, Attorney General, and Jerome Lidz, Solicitor General.
Before SCHUMAN, Presiding Judge, and WOLLHEIM, Judge, and ROSENBLUM, Judge.
PER CURIAM.
Youth drove a car without the owner's permission and then crashed itacts that, if committed by an adult, would be crimes. A juvenile court referee ordered that youth pay restitution to the car's owner in the amount of $250.00, her insurance deductible for the cost of repairing the car. The referee also *284 ordered that youth pay $4,315.26 to AFNI Insurance Services (AFNI), the victim's insurance carrier, for repair costs it paid. Youth sought review of that order by a juvenile court judge, arguing that the insurance company was not a "victim" for purposes of the juvenile delinquency restitution statute, ORS 419C.450. The juvenile court agreed with youth in that regard, but rather than eliminate the award of $4,315.26, it made the amount payable to the car's owner instead of AFNI. Youth now appeals that judgment, again arguing that an insurance company is not a "victim" for purposes of ORS 419C.450.
The problem with youth's argument is that the juvenile court did not award restitution to AFNI. Indeed, the court agreed with youth's contention that the "victim" was the owner of the damaged car, and the judgment makes restitution payable to the car's owner and not AFNI. Thus, the issue that youth frames on appealthe meaning of the word "victim" in ORS 419C.450has no direct bearing on the ultimate correctness of the restitution award.
The juvenile delinquency restitution statute contemplates an award of restitution in the "specific amount that equals the full amount of the victim's injury, loss or damage." CRS 419C.450(1)(a)(A). Given the nature of the judgment in this case, the real question is what constitutes the "full amount of the victim's injury, loss or damage" in light of the fact that an insurance company paid for repairs to the victim's car. That statutory construction question, however, has not been briefed or argued on appeal, and we decline to address it.[1]See State v. Montez, 309 Or. 564, 604, 789 P.2d 1352 (1990) (refusing to consider an argument that was not adequately developed on appeal).
Affirmed.
NOTES
[1] Read in isolation, youth's assignment of errorthat the court "erred by entering a juvenile judgment ordering the youth to pay $4565.26 to the victim, when the victim had only $250 in out-of-pocket costs, and the rest was paid by her insurance company"appears to frame the correct issue. Youth's argument in support of that assignment, however, is directed exclusively to the question whether an insurance company is a "victim" for purposes of ORS 419C.450.